DELBELLO DONNELLAN WEINGARTEN WISE &
WIEDERKEHR, LLP
*Proposed Attorneys for the Debtor*
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Erica Feynman Aisner, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

IMPORTANT PROPERTIES, LLC,                          Chapter 11
                                                    Case No. 15-22123(RDD)

                                    Debtor.
-----------------------------------------------------------X

### DECLARATION OF JOHN A. MESKUNAS PURSUANT TO
### F.R.B.P. RULE 1007(d) AND LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF WESTCHESTER        )

JOHN A. MESKUNAS, being duly sworn, deposes and says:

1.      I am a Manager and Member of Important Properties, LLC (the "Debtor"). As
such, I am familiar with the Debtor's operations, businesses and financial affairs.

2.      I submit this declaration pursuant to Rule 1007(d) of the Federal Rules of
Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-2 of the Local Rules for the United
States Bankruptcy Court for the Southern District of New York (the "Local Rules").

**Local Rule 1007-4(a)(i)**

3.      The Debtor is not a small business debtor.

**Local Rule 1007-4(a)(ii)**

**The Property**

4.      The Debtor was formed in 2004 for the purpose of acquiring 1 ¾ acre commercial property located at 8 Industrial Lane, New Rochelle, New York (the "Property"), which was intended to house a Harley Davidson franchise which had been awarded to the Deponent in March of 2004.

5.      On or about September, 2004, the Property was purchased for $3.35 million; $670,000 in cash ($250,000 of which was a loan to the company from an unrelated third party and $420,000 from the Debtor's principals) and the balance with purchase money financing from the Bank of Smithtown ("BOS").

6.      The Debtor broke ground on July 5, 2005 on a $3 million build-out of the Property which was financed also through BOS. The construction was a complete "gut" rehabilitation which began with demolition of almost the entire structure with the exception of the roof and the foundation. On or about November, 2005 the construction was completed and essentially a brand new building stood in the place of the former structure.

7.      Shortly thereafter the Property on which a beautiful new 22,000 square foot building sat was leased to Newroc Motorcycles LLC ("Newroc"), a Harley Davidson dealership, in which the Deponent was a majority member.

8.      Thereafter, the Debtor refinanced the Property with Washington Mutual Bank, F.A. ("Wamu") In connection therewith, on or about December, 2007, the Debtor entered into an agreement which consolidated all prior mortgages  and resulted in a single first lien on the Property in the amount of $5,500,000 (the "Loan").

9.      On or about December, 2012, the Federal Deposit Insurance Company, as receiver of Wamu, assigned the Loan to JP Morgan Chase Bank, N.A. ("Chase"), which assignment was effective September 25, 2008.

10.     On December 19, 2011, Newroc filed bankruptcy in the Southern District of New York, Chapter 11 case number 11-24438(rdd) and on February 12, 2012, the assets of Newroc were sold to Peter Friend Motorcycles LLC ("Purchaser"). In connection with that sale, the Purchaser entered into a "triple-net" lease agreement ("Lease") with the Debtor for the lease of the Property whereby the Purchaser is responsible for, among other things, taxes, maintenance and insurance.

11.     The Lease provided for a two (2) year term with five (5) optional renewals which must be exercised on or before October 1 prior to each term's expiration. The monthly rent for 2012 was $35,000 per month with 3% escalations for each year thereafter. This monthly rent was in an amount sufficient to satisfy the Debtor's monthly debt service.

12.     Upon information and belief, the Lease expired on January 31, 2014 and the Purchaser failed to exercise his renewal option. Accordingly the Purchaser is currently occupying the Property on a month-to-month basis.

**The Debtor's Default**

13.     The Debtor's principals have been embroiled in a protracted divorce proceeding since 2012.

14.     At the commencement of the Lease, the Deponent received rent payments from the Purchaser and remitted same to Chase in payment of monthly debt service on the Loan. However, in or about April, 2012, Denise Meskunas ("Denise") petitioned the family court to direct that all future rental payments be paid to her financial counsel, David Lee Auerbach, Esq., who would act as a receiver and remit payment to Chase. The request was granted.

15.     This payment procedure was adhered to in April and May of 2012; however, beginning in June, 2012 no monies were remitted to Chase and upon information and belief, the

rental monies were instead turned over to Denise by her financial counsel.

16.     As a result of the failure to pay the mortgage, the Debtor defaulted in its obligations to Chase. Deponent requested that the Purchaser pay his rent to Chase directly but he refused. Deponent also requested that Chase enforce their attornment agreement but they also refused.

17.     In or about July, 2012, Denise petitioned the State Court for pendent lite (support) from the Deponent. In connection with such request, the State Court permitted the aforementioned payment arrangement regarding the rents to continue notwithstanding the non-payment of the mortgage and Deponent's protestations regarding this issue.

18.     Although at the time Deponent had little to no income, a substantial pendent lite (support) order was entered in favor of Denise.  Deponent's inability to comply with the support obligations resulted in multiple motions for contempt of court.

19.     In or about November of 2012, in response to Deponent's concerns that the mortgage payments were not being made, the State Court directed that the rents would instead be paid to Denise's counsel of record in the divorce proceeding; however still no monies were remitted to Chase.

20.     Thereafter, under threat of incarceration and without the benefit of counsel, Deponent was presented with a Stipulation for signature which permitted a portion of the escrowed rent to be applied to outstanding pendent lite due Denise. Fearing no alternative, Deponent signed the Stipulation in order to avoid incarceration and irreparable harm to his delicate restarted career in the finance industry.

21.     In early 2013, Chase assigned all of its interest in the Loan to Colfin Metro Funding, LLC ("Colfin") who commenced a foreclosure proceeding in the Supreme Court,

Westchester County on June 23, 2013.

22.     In connection with the foreclosure action, by an Order dated January 28, 2014,

Lonnie Halpern, a State Court Receiver was appointed who, upon information and belief, has

since been collecting the rents and remitting them to Colfin in payment of the Loan.

23.     In late 2014, Colfin assigned all of its interest in the Loan to 32 North Street

Realty, LLC ("32 North") which, upon information and belief, is owned by the same principal as

the Purchaser, the Debtor's current tenant in the Property. Incredulously, 32 North has continued

the foreclosure action despite the fact that a foreclosure would wipe out Purchaser's own

leasehold and possessory interest in the Property.

**Chapter 11 Filing**

24.     The Debtor has filed this Chapter 11 case in an effort to stop the foreclosure

proceeding, market and sell the Property in a manner than will maximize its value and yield the

highest and best price.

25.     The Debtor believes that the Property has approximately $1,000,000 in equity

beyond the amount of the current Loan indebtedness (approximately $6.6 million) and a full

scale marketing campaign and sale will yield sufficient proceeds to pay all creditors, secured and

unsecured, in full with a likely return to the equity holders.

26.     On the other hand, a sale at foreclosure will likely result in 32 North taking back

the Property for the sole benefit of the tenant, leaving the Debtor's unsecured creditors unpaid

and equity wiped out.

27.     Based upon the foregoing, the Debtor submits that this Chapter 11 filing is in the

best interests of all of the creditors of the estate as well as the equity holders.

**Local Rule 1007-4(a)(iii)**

28.    This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

**Local Rule 1007-4(a)(iv)**

29.    Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-4(a)(v)**

30.    A list of the names and addresses of the Debtor's respective 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting under 11 U.S.C. Section 702; those who were employees of the Debtor at the Filing Date, and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as **Exhibit "A"**.

**Local Rule 1007-4(a)(vi)**

31.    A list of the names and addresses of the five largest secured creditors is annexed hereto as **Exhibit "B"**.

**Local Rule 1007-4(a)(vii)**

32.    A summary of the Debtor's assets and liabilities is annexed as **Exhibit "C"**.

**Local Rule 1007-4(a)(viii)**

33.    There are no publicly held securities of the Debtor. A List of Equity Security Holders is annexed hereto as **Exhibit "D"**.

**Local Rule 1007-4(a)(ix)**

34.    The Debtor's rents are currently being held by Lonnie J. Halpern, a State Court appointed receiver.

**Local Rule 1007-4(a)(x)**

35.    The Property is located at 8 Industrial Lane, New Rochelle, New York.

**Local Rule 1007-4(a)(xi)**

36.     The Debtor's assets are located at 8 Industrial Lane, New Rochelle, New York.

37.     The Debtor's books and records are located at Deponent's personal residence and with the Debtor's respective professionals.

38.     The Debtor does not own any assets outside the territorial limits of the United States.

**Local Rule 1007-4(a)(xii)**

39.     The following actions or proceedings are pending against the Debtor:

> *Colfin Metro Funding, LLC v. Important Properties, LLC, et. al.,* New York State Supreme Court, County of Westchester, Index No. 59861/2013.

**Local Rule 1007-4(a)(xiii)**

40.     The Debtor's management consists of John Meskunas and Denise Meskunas.

**Local Rule 1007-4(a)(xiv)**

41.     The estimated payroll to employees (exclusive of officers and directors) for the thirty (30) day period following the filing of the chapter 11 petition is $-0-.

**Local Rule 1007-4(a)(xv)**

42.     The estimated amount to be paid for services to its officers and directors for the thirty (30) day period following the filing of the Chapter 11 petition is $-0-.

**Local Rule 1007-4(a)(xvi)**

43.     The Debtor anticipates receipt of $38,245.44 in the next thirty (30) days which is the monthly rental income. The Debtor anticipates disbursing $37,344.48 in that same period of time which is the monthly mortgage payment and a monthly management fee. This will result in a net cash gain for the month without any accrual for professional fees incurred during that time.

## CONCLUSION

44.     The Debtor believes it is in the best interests of all of its creditors that it be afforded an opportunity to refinance and reorganize its obligations in Chapter 11.

45.     The needs and interests of the Debtor and its creditors will best be served by the Debtor's possession of its assets and management of its affairs as a Debtor-in-Possession under Chapter 11 until confirmation of a reorganization plan.

46.     Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: January 28, 2015                       */s/ John Meskunas*
                                              John A. Meskunas, a Manager

## Exhibit "A"

## TWENTY LARGEST UNSECURED CREDITORS

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re   Important Properties, LLC

Debtor(s)

Case No.   15-22123

Chapter   11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Ann Torelli 10 Manger Circle Pelham, NY 10803 | Ann Torelli 10 Manger Circle Pelham, NY 10803 | Loan | | 250,000.00 |
| Citibank, NA 895 Pelham Parkway Pelham, NY 10803 | Citibank, NA 895 Pelham Parkway Pelham, NY 10803 | Line of Credit | | 51,597.56 |
| Bank of America Bankruptcy Department 4161 Tredmont Pkwy NC4-1050314 Greensboro, NC 27410 | Bank of America Bankruptcy Department 4161 Tredmont Pkwy NC4-1050314 Greensboro, NC 27410 | Line of Credit | | 30,000.00 |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the a Manager of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date   January 28, 2015

Signature   /s/ John Meskunas
John Meskunas
a Manager

*Penalty for making a false statement or concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

## Exhibit "B"

## FIVE LARGEST SECURED CREDITORS

**Name of Creditor**                  **Approx. Amount Owed**

32 North Street Realty LLC              $6,600,000.00
c/o Westerman Ball Ederer
Miller Zucker & Sharfstein, LLP
1201 RXR Plaza
Uniondale, New York 11556

## Exhibit "C"

### Summary of Assets and Liabilities

**Assets**

| | |
|---|---|
| Building and Property | $7,649,089.00 |
| **Total Assets** | $7,649,089.00 |

**Liabilities**

| | |
|---|---|
| Mortgage | $6,600,000.00 |
| Unsecured Loans | $   331,600.00 |
| **Total Liabilities** | $6,931,600.00 |

*Net Equity*                    *$717,489.00*

## Exhibit "D"

## SCHEDULE OF EQUITY SECURITY HOLDERS

Denise Meskunas – 90%
John Meskunas   – 10%